CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
JUL 24 2009
JOHN F. CORCORAN, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY LEE DRAPER,<br>  Plaintiff, | ) ) ) | Civil Action No. 7:09-cv-00189 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WESTERN VIRGINIA REGIONAL<br>  JAIL, et al.,<br>  Defendants. | ) ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Terry Lee Draper, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Draper names the Western Virginia Regional Jail ("Jail") and the Montgomery County Sheriff's Office as the defendants. Draper claims that the defendants violated his constitutional rights by not providing shower shoes, grievance forms, or a container to urinate into. After reviewing Draper's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Draper alleges the following facts in his complaint. The Jail does not issue shower shoes, and Draper slipped and fell in the shower, causing him to hurt his back. (Compl. 2.) When he was in the medical office, staff directed him to use the toilet in his cell to urinate. Draper, however, was unable to walk to the toilet because of his back injury. Draper requests as relief a transfer from the Jail into a facility operated by the Virginia Department of Corrections ("VDOC").

Draper also filed a letter as additional evidence in which he complains about having to stand in dirty shower stalls with his bare feet. (Letter (docket #5) 1.) After the fall, staff

transported Draper to a medical holding cell that had a mattress without a sheet. Draper could not use the toilet in the medical holding cell because of his back injury. After advising a staff member about this inability, staff told him that he would nonetheless have the use the toilet in his medical holding cell. Staff refused to provide him with a urine bottle or other container. Draper subsequently urinated on himself.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton,

2

775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, a local or regional jail and its Sheriff's Office are not a "person" subject to liability under § 1983. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992) (reasoning local jails and the members of the Sheriff's Office who administer the jails are part of the Commonwealth of Virginia and are not appropriate defendants in § 1983 actions). Therefore, Draper seeks relief from organizations immune from § 1983 relief. Moreover, Draper fails to connect any alleged constitutional deprivation to the Montgomery County Sheriff's Office.

Furthermore, none of the Draper's claims state a claim upon which relief may be granted. An Eighth Amendment claim for prison conditions requires a showing of a serious deprivation of a basic human need and deliberate indifference of a prison official to the conditions creating such deprivation. See Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Additionally, the condition or conditions must cause or contribute to a serious medical need. Id. at 1380.

However, shower shoes are not a basic human need and standing in a dirty shower stall with bare feet does not constitute cruel and unusual punishment. The Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981). Furthermore, Draper's incident of urinating on himself is merely an isolated incident and not actionable via the Eighth

3

Amendment. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (an Eighth Amendment violation is not shown by pointing to a single, isolated incident). Moreover, there is no constitutional right to a grievance procedure. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-138 (1977). Even if the Jail provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (holding that a prison official's failure to comply with a state's grievance procedure is not actionable under § 1983). Accordingly, I dismiss the complaint because Draper seeks relief from entities that are immune from relief under § 1983 and otherwise fails to raise a meritorious claim.

### III.

For the foregoing reasons, I dismiss Draper's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 24th day of July, 2009.

*/s/ Jackson L. Kiser*
Senior United States District Judge